Filed 8/2/22 P. v. Rodriguez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078965 |
| v. | (Super.Ct.No. INF065609) |
| CONCEPCION RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Concepcion Rodriguez, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

*[footnote continued on next page]*

1

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of facts and a statement of the case. We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I. PROCEDURAL BACKGROUND[2]

On April 28, 2011, a jury found defendant guilty of premeditated and deliberate murder (§ 187, subd. (a)) and found true a special circumstance allegation that the murder was committed during the commission or attempted commission of kidnapping (§ 190.2, subd. (a)(17)(B)). The court sentenced defendant to imprisonment for life without the possibility of parole.

On January 3, 2022, defendant filed a petition for resentencing pursuant to section 1170.95. At a hearing on May 6, 2022, at which defendant was represented by counsel, the People informed the court defendant had been convicted of murder with a true finding on a kidnapping special murder circumstance. The People argued that to find the special circumstance true required that the jury find defendant intended to kill: "We believe under those circumstances the petition should be denied."

The court looked at its own records and observed that the jury had found true a section 190.2, subd. (a)(17)(B) special murder circumstance. The court then reviewed the

_____

[2] On the court's own motion, we take judicial notice of the record and our prior unpublished opinion in defendant's appeal from the original judgment. (*People v. Rodriguez* (July 26, 2013, E054701) [nonpub. opn.]; Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).)

2

instructions given to the jury on the special murder circumstance allegation: CALCRIM No. "731 as given on the felony murder special. It required the following: 'To prove this special circumstance true, the People must prove that one, the defendant committed a kidnapping; two, the defendant intended to commit kidnapping; three, the defendant intended that the person be killed.' That's specific intent to kill, and, 'four, the act causing the death and kidnapping were part of one continuous transaction; and five, there was a logical connection between the act causing the death and the kidnapping.'"

The court noted that under element three, the jury had to have found that defendant specifically "intended" to kill the victim. The court found that "under these circumstances . . . defendant is ineligible for relief under [section] 1[1]70. 95." The court denied the petition.

## II. DISCUSSION

We recognize that one panel of this court has held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record, and that such appeals should be dismissed by order. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132, review granted Mar. 17, 2021, S266853 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief."]; accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.) We respectfully disagree.

We agree with another panel of this court, which has held that in uncontested appeals from the denial of postjudgment orders, "we can and should independently

3

review the record on appeal in the interests of justice." (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."].) This procedure provides defendants an added layer of due process while consuming comparatively little in judicial resources.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III. DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
J.

We concur:

RAMIREZ_____
P. J.

CODRINGTON_____
J.

4